IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PRIMA CREATIONS, INC.,:
:
Plaintiff,:CIVIL ACTION
:
v.:NO. 11-CV-1649
:
SANTA'S BEST CRAFT, L.L.C.,:
et al.,:
:
Defendants.:

**MEMORANDUM AND ORDER**

**Joyner, C.J.July   21, 2011**

This case comes before the Court as the result of the motion of Defendant, Santa's Best Craft, L.L.C., to dismiss Count I of Plaintiff's, Prima Creations, Inc., complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

**I.  Facts**

Prima Creations, Inc., (Plaintiff), creates and sells seasonal products, such as those used for holidays, to major retailers throughout the United States, making its products widely available.  (Compl., ¶¶ 7-9, Doc. No. 1).  Plaintiff applied for and obtained a copyright registration for its "Elf Hat" which was registered on February 25, 2009 and was assigned registration

1

number VA1-664-992.  (Compl., ¶ 10, Doc. No. 1).  Plaintiff has sold its Elf Hat to major retailers throughout the United States beginning in 2000 and has continued selling the item through 2010.  (Compl., ¶ 12, Doc. No. 1).  After becoming aware, during the 2009 Christmas holiday season, that Santa's Best Craft, L.L.C., (Defendant), was selling an elf hat nearly identical to Plaintiff's copyrighted Elf Hat, Plaintiff, through its attorney, informed Defendant on or about November 6, 2009 of its copyright registration and informed Defendant of the alleged infringement. (Compl., ¶¶ 13-14, Doc. No. 1).
Defendant responded through legal counsel to Plaintiff's letter on December 22, 2009, but refused to cease sale of the allegedly infringing product.  (Compl., ¶ 16, Doc. No. 1).  Plaintiff further contends that Defendant sold the infringing elf hat, though slightly modified from the previous year, again during the Christmas holiday season of 2010.  (Compl., ¶ 17, Doc. No. 1). As a result, on March 8, 2011, Plaintiff filed a complaint alleging copyright infringement and unfair competition against Defendant.  (Doc. No. 1).

## II.  Standard of Law

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted "do[es] not require heightened

2

fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  A 12(b)(6) motion is proper, "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." Motown Record Co. L.P., v. Kovalcik, No. 07-4702, 2009 WL 455137, at *2 (E.D. Pa. Feb. 23, 2009) (quoting D.P. Enter., Inc. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984)).  When examining the validity of a 12(b)(6) motion, "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, Penn., 577 F.3d 521, 526 (3d Cir. 2009) (quoting Schrob v. Catterson, 948 F.2d 1402, 1408 (3d Cir. 1991)).

### III.  Discussion

Presently, Defendant moves to dismiss the Plaintiff's claim for copyright infringement, contesting the validity of Plaintiff's copyright over the Elf Hat.  (Def.'s Mot., Pg. 1, Doc. No. 10).

"The elements of a copyright infringement action are (1) ownership of a valid copyright and (2) copying by the alleged infringer." Masquerade Novelty, Inc. v. Unique Industries, Inc.,

3

912 F.2d 663, 667 (3d Cir. 1990) (<u>quoting</u> <u>Whimsicality, Inc. v. Rubie's Costume Co.</u>, 891 F.2d 452, 455 (2d Cir. 1989)).  As established by the Copyright Law, 17 U.S.C. §101, *et. seq.,* "pictorial, graphic, and sculptural works" may be protected as original works of authorship.  17 U.S.C. § 102(a)(5).  Specifically, 17 U.S.C. § 101, provides in pertinent part:

> Pictorial, graphic and sculptural works include two-dimensional and three dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models, and technical drawings, including architectural plans.  Such works shall include works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful article, as defined in this section, shall be considered a pictorial graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

Further, a useful article is defined as, "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information."  17 U.S.C. § 101.

Here, there does not appear to be any dispute that the plaintiff was granted a copyright for its Elf Hat.  Rather, the defendant challenges the validity of that copyright registration by asserting that the plaintiff failed to honestly represent the nature and characteristics of its product.  Indeed, Defendant

4

contends that Plaintiff committed fraud on the Copyright Office by declaring the Elf Hat to be a sculpture, while the only practical use of the item is as clothes and/or holiday costume. (Def. Mot., Doc. No. 10).  "The evidentiary weight to be accorded the certificate of registration made five years after the first publication of the work falls within the discretion of the court."  17 U.S.C. § 410(c).  When effectively challenged by the defendant, the burden of proof will shift, and the plaintiff will be forced to prove the validity of the copyright in order to maintain a copyright infringement action.  Masquerade, 912 F.2d 663, 667.

"It has been consistently held that a plaintiff's knowing failure to advise the Copyright Office of facts which might have led to the rejection of a registration application constitutes grounds for holding the registration invalid and incapable of supporting an infringement action."  Masquerade, 912 F.2d 663, at 667.  Plaintiff filed the item in question with the Copyright Office under the name "ELF HAT," with the nature of the work indicated as "ornamentation on hat."  (Doc. No. 10).  Such disclosure to the Copyright Office adequately counters any claims of fraudulent or misleading practices in attempting to secure a copyright.  See Masquerade, 912 F.2d 663, 668 (holding that the

term "nose mask" sufficiently described the articles for which copyright was sought by the Plaintiff to the Copyright Office, and distinguishing the case from the blatant deception seen in Whimsicality).

In Masquerade, the Third Circuit overturned a grant of summary judgement in favor of the defendants, which found that the relevant products made by the plaintiff, masks designed to resemble animal noses, were "useful articles under 17 U.S.C. § 101 and were not copyrightable "because their sculptural elements could not be separated from their utilitarian purpose of allowing a person to create humor by masquerading in an animal's nose." Id. at 664.  Also reversed was the district court's ruling that the plaintiff's registration applications did not adequately inform the Copyright Office that the masks were to be worn by humans.  Id. at 667.  The Third Circuit reversed, reasoning that the masks were not "useful articles" as defined by the Copyright statute, and were in fact copyrightable as sculptures.  Id. at 670-71.  Further, because the defendants never asserted that the plaintiff's nose masks served any purpose unrelated to their appearance, such as to protect the nose in some way, the court held that the district court erred in "regarding as a utilitarian function the effect, humor, produced by the only utility the nose

6

masks have, which is in their portrayal of animal noses." Id. at 670.

Defendant argues that the present case should be governed by the law set forth in Whimsicality; however, this case is distinguishable. In Whimsicality, the Second Circuit affirmed the dismissal of plaintiff's copyright claim and denial of injunctive relief, holding that the plaintiff obtained its copyright registrations by misrepresentation of its costumes to the United States Copyright Office. Whimsicality, 891 F.2d 452, 453. The plaintiff in Whimsicality submitted applications to the Copyright Office for six creations that were referred to as soft sculptures, failing to mention anywhere that the items in question were meant to be used as costumes and that they lacked a firm form unless they were laid out flat or worn by an individual. Id. at 454. With regard to this misrepresentation, the court stated that, "the evidence demonstrates not only that the costumes were not soft sculpture, but that Whimsicality knew full well that no reasonable observer could believe that the costumes were soft sculpture." Id. at 456. Further, the court "decline[d] to reach the issue of copyrightability, since proper registration is a prerequisite to an action for infringement." Id. at 453. However, the Whimsicality court did take the time to

7

distinguish its case from <u>Animal Fair, Inc. v. Amfesco Indus., Inc.</u>, 620 F. Supp. 175 (D. Minn. 1985) on the grounds that "a slipper, unlike a costume, has a relatively firm form which can be identified for copyright purposes," and because the title of the work listed on the Copyright application in <u>Animal Fair</u> was "BEARFOOT slipper," making clear the item sought to be protected. <u>Whimsicality</u>, 891 F.2d 452, 456.  Instant Plaintiff referred to the article at issue as an Elf Hat on the application to the Copyright Office, and as can be seen in the pictures supplied with Defendant's Memorandum in Support of the Motion to Dismiss, the sculpture is recognizable without being worn or carefully laid out.

The Ninth Circuit has previously ruled "that costumes have an intrinsic utilitarian function; thus they cannot be copyrighted as costumes.'...  The costumes are copyrightable, if at all, to the extent that they have features which can be identified separately and are capable of existing independently as a work of art."  <u>Nat'l Theme Productions, Inc. v. Jerry B. Beck, Inc.</u>, 696 F. Supp. 1348, 1352 (S.D. Cal. 1988).  It is a difficult, if not impossible task to separate an article's functional aspects from its sculptural aspects, but "this analysis is only required where an article is first determined to

8

be a useful one under § 101." Masquerade, 912 F.2d 663, 670. In Masquerade, the Third Circuit reversed a decision from the Eastern District of Pennsylvania that concluded animal masks were "useful articles" and that they were not entitled to copyright protection "because their sculptural elements could not be separated from their utilitarian purpose of allowing a person to create humor by masquerading in an animal's nose." Id. at 666-667. The Court stated that the nose masks were not useful articles, as their only purpose was in their portrayal of animal noses. Id. at 670. Defendant asserts that the only purpose of the Elf Hat is to be worn as a person to masquerade as an elf. (Doc. No. 10, 7). When applying the logic of the Masquerade court, Plaintiff's Elf Hat cannot be considered a "useful article," because it has no utility that doesn't derive from its appearance, and is therefore copyrightable under 17 U.S.C. § 102(a)(5).

However, even assuming that the Elf Hat is a "useful article," it would still be entitled to copyright protection. In Animal Fair, the defendant did not contest the ownership of a copyright, but, as in the present instant case, challenged the validity of the copyright. Animal Fair, 620 F. Supp. 175, 185. The court chose to assume that the Bear Slipper at issue in

9

Animal Fair was a "useful article" under 17 U.S.C. § 101, but acknowledged that the plaintiffs made a strong argument that the BEARFOOTTM slipper was a novelty item, and not a useful article. Id. at 187.  The Animal Fair court held that, "plaintiff's design features are conceptually separate from the utilitarian aspects of its slipper," and as such, the entire exterior design of the slipper is protectable under the Copyright Act.  Id. at 187-88.

In the instant case, the large elf ears and the pattern on the Elf Hat are conceptually separate from the utilitarian aspects of the hat, and we find would still be protectable if the hat was deemed a useful article.  Defendant's challenge to the validity of Plaintiff's copyright fails, and since Plaintiff has sufficiently alleged copyright ownership and infringement we find that the complaint adequately states a claim upon which relief may be granted.

## IV.  Conclusion

For all of the foregoing reasons, the Defendant's Motion to Dismiss is denied as set forth in the attached order.